WILLINGHAM v. UNITED STATES.†

(Circuit Court of Appeals, Fifth Circuit.   October 13, 1913.)

No. 2,400.

**1.** INTERNAL REVENUE (§ 47*)—SALE OF LIQUOR—REGULATION—ENFORCEMENT OF LOCAL LAWS.

The United States is not concerned with the enforcement of local laws regulating or prohibiting the sale of liquor; it being the policy of the government to collect its special taxes, if possible, rather than to inflict punishment for technical violations of the revenue laws.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. § 47.*]

**2.** INTERNAL REVENUE (§ 47*) — INTOXICATING LIQUORS — SPECIAL REVENUE TAX—OFFENSES—COMPROMISE—CRIMINAL PROSECUTION—DEFENSES.

Rev. St. § 3229, provides that the Commissioner of Internal Revenue, with the advice and consent of the Secretary of the Treasury, may compromise any civil or criminal case arising under the internal revenue laws. *Held* that, where a Deputy Collector, finding that accused was selling liquor without having paid the special tax, agreed that, if defendant would pay the tax and penalty, the collector would not institute criminal proceedings, and defendant complied with such request, whereupon the Collector turned over the payment to his superior and issued the certificate required by law, it would be presumed that the Collector disclosed the offer of compromise and that the same was accepted, the money having been retained by the Treasury Department; and hence, in a subsequent criminal proceeding for selling liquor in violation of the law, accused was entitled to an instruction that, if defendant was promised immunity in consideration of his payment of the tax and in consideration thereof he did so, the jury should find him not guilty.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. § 47.*]

Shelby, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Will Willingham was convicted of selling whisky without paying the special government tax, and he brings error.   Reversed and remanded for a new trial.

Erwin J. Smith, of Denison, Tex., for plaintiff in error.
J. B. Dailey, Asst. U. S. Atty., of Paris, Tex.

Argued before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge.   The plaintiff in error in this case, to be hereafter designated as the defendant, was indicted for unlawfully carrying on the business of retail liquor dealer without having paid the special tax required by law.   On the trial of the case, Davis, a Deputy Internal Revenue Collector of the United States, testified in substance that on the 24th day of October, 1911, he saw the defendant sell a half pint of whisky, told him he was a Revenue Collector, and that he owed a special tax to the government, and that if he did not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied December 1, 1913.

pay such tax for one year from July 1, 1911, to June 30, 1912, together with a penalty of 50 per cent. for failure to make his return on form 11, he would swear out a complaint against him before the United States Commissioner, but if he did pay the tax and penalty he would not swear out such a complaint. On the following day the defendant paid him $37.50 and he gave him a receipt for the tax of $25 and the penalty of $12.50 and sent the money to P. B. Hunt, Collector of Internal Revenue for the Fourth district, with the request that a government stamp be issued to the defendant. The defendant testified that before making the payment he told Davis he would pay the back tax and penalty if it would keep him out of trouble, and Davis told him it would, and, relying upon Davis' statement, he made the payment. The special stamp was subsequently issued to him. At the close of the evidence defendant requested the court to give the following special instruction:

"If you believe from the evidence in this case that the witness Davis, acting for the government, made a trade with the defendant in substance that, if the defendant paid the yearly tax of $25 and in addition a penalty of $12.50, he would not swear out a complaint before the Commissioner and by thus doing promised the defendant immunity for having sold liquor without having paid the tax required by law, then you will find defendant not guilty."

The court declined to do so and in the course of his general charge gave the following instructions:

"Certain papers and receipts have been introduced by defendant in evidence showing that, the next day after the alleged sale testified to by the witness J. B. Davis, defendant paid the special tax required by law for one year from July 1, 1911, to June 30, 1912, and a penalty of 50 per cent., and evidence was introduced to the effect that, when said taxes and penalty were paid, Davis represented that if they were not paid he would swear out a complaint against the defendant, and that if they were paid he would not do so. I charge you that the payment of these taxes and the penalty constitute no defense, if you believe from the evidence that prior to the payment thereof defendant was engaged in carrying on the business of a retail liquor dealer without having paid the special tax required by law."

The defendant seasonably excepted to the action of the court in declining to grant the special request above set out and also to that part of the general charge above quoted. The defendant was found guilty by the jury, and the court imposed a fine of $100 and sentenced him to imprisonment for the maximum term of two years. Defendant assigns as error the refusal of the court to give his special request and the inclusion in the general charge of the language above quoted.

From the extreme severity of the sentence imposed, we might infer that the defendant is an old offender, but nothing to that effect is disclosed by the record, and from the facts before us the offense was of a minor character.

[1] The United States is not concerned with the enforcement of local laws regulating or prohibiting the sale of liquor, and it has always been the policy of the government to collect its special taxes, if possible, rather than to inflict severe punishment for technical violations of the revenue laws.

[2] The Commissioner of Internal Revenue has the power and authority by virtue of section 3229 of the Revised Statutes (U. S. Comp. St. 1901, p. 2089), with the advice and consent of the Secretary of the Treasury, to compromise any civil or criminal case arising under the internal revenue laws, instead of commencing suit thereon, and even to compromise such a case after the institution of proceedings, on the recommendation of the Attorney General in addition to that of the Secretary of the Treasury. If the defendant in good faith made the payment of the tax and penalty for the purpose of compromising the impending criminal action, he is entitled to the full effect and benefit of it regardless of whether or not he followed any technical rules of procedure laid down by the Internal Revenue Department. And, if his offer of compromise was accepted, no criminal proceeding could thereafter be had for his failure to pay the tax before commencing business. There could be no doubt under the uncontradicted evidence in the record that he made the payment to prevent being prosecuted criminally, and the Deputy Collector certainly led him to believe it would have that effect.

The Deputy Collector undoubtedly had the authority to at least transmit the offer of compromise, and when he turned over the payment to his superior it was his duty to disclose to him that it was an offer in compromise. It is to be presumed that he did so, and the fact that the money was retained by the United States and the stamp issued to defendant would raise the presumption that the offer of compromise had been accepted. Under this state of facts it was the duty of the District Court to submit the question to the jury and to grant the special instruction requested by the defendant or to substantially instruct the jury to the same effect in the general charge.

The judgment of the District Court will be reversed, and the case remanded for a new trial.

SHELBY, Circuit Judge (dissenting). I am of the opinion that the Deputy Internal Revenue Collector had no authority under R. S. U. S. § 3229 (U. S. Comp. St. 1901, p. 2089), or otherwise, to make "a trade" with the defendant, granting him immunity from prosecution on the payment of the tax and penalty, and that the trial judge ruled correctly in refusing the special instruction requested. And I think that the court was right in its general charge that the payment by the defendant of the tax and penalty, after he was detected in the commission of the offense, constituted no defense against the indictment. I find no evidence in the record to show that the case had been compromised by the Commissioner of Internal Revenue, with the advice and consent of the Secretary of the Treasury. Whenever such compromises are made, the section cited provides for a written record which would prove it. I am constrained, therefore, to dissent from the judgment of reversal.