## UNITED STATES v. ONE FIVE-PASSENGER FORD AUTOMOBILE, ENGINE NO. 1827566.

(District Court, W. D. Washington, N. D.    January 5, 1920.)

### No. 4733.

1. INTERNAL REVENUE ⬾46—COMPROMISE OF PROSECUTION FOR VIOLATION PREVENTS FORFEITURE OF PROPERTY.

   Under Rev. St. § 3281 (Comp. St. § 6021), providing that one carrying on the business of a distiller illegally shall be punished by fine and imprisonment, and that property in any inclosure connected with the distillery shall be forfeited to the United States, and section 3229 (Comp. St. § 5952), authorizing the Commissioner of Internal Revenue to compromise cases under the revenue laws, the compromise of a prosecution prevented the forfeiture of property, though a libel for its forfeiture was pending at the time of the compromise.

2. INTERNAL REVENUE ⬾46—COSTS OF FORFEITURE PROCEEDING CHARGED AGAINST CLAIMANT BECAUSE OF DELAY IN PLEADING COMPROMISE.

   On dismissal of a libel to forfeit property found in an inclosure in connection with an illegal distillery, because of the compromise of a criminal prosecution, the costs accruing after the compromise will be assessed against the claimant, where he did not file a supplemental answer immediately following the compromise and procure a speedy determination of the issue.

Libel of Information.    Proceeding for forfeiture by the United States against one Five-Passenger Ford Automobile, Engine No. 1827566.    Libel dismissed.

Charlotte Kolmitz, Asst. U. S. Atty., of Seattle, Wash., for libelant.
George Olson, of Seattle, Wash., for claimant.

NETERER, District Judge.    A libel of information is filed, praying forfeiture and condemnation of one five-passenger Ford automobile. It is alleged that this machine "was found in a certain building, yard and inclosure connected with a distillery and used with and constituting a part of the premises," and that one Burelli carried on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled, "against section 3281 of the Revised Statutes of the United States, contrary," etc., and other allegations pertinent to the provisions of said section.    One Pelligrini appeared and filed a claim of ownership of the automobile, and, by answer, denied all the allegations of the libel.    The case came on regularly for trial, and the issue was submitted to a jury to find the facts.    At the conclusion of the testimony, the jury, upon the direction of the judge, found the following facts:

"We, the jury in the above-entitled cause, find: That the five-passenger Ford machine, engine No. 1827566, license No. 105732, described in the libel

of information, was used with and constituted a part of the premises in the operation of a distillery as set out in the said libel of information, and was used in the making of goods and commodities on which the internal revenue tax imposed by law upon distilled spirits had not been paid, to wit, distilled spirits, with intent to defraud the United States. That said automobile, at the time charged in the libel of information, was taken possession of by the sheriff of King county, Wash., and subsequently delivered to C. W. Kline, deputy collector of internal revenue, and said machine is now in the custody of the United States marshal. That after the seizure of the automobile an indictment was returned against the parties operating the still, and offer of compromise was made pursuant to law in the criminal case, and accepted by the Commissioner of Internal Revenue, after the filing of the libel of information herein, and the answer thereto by the claimant."

[1] Upon the trial it developed that after the libel of information was filed on June 26, 1919, and the filing of the claim and answer, an offer of compromise was made in the criminal case, charging operation of a distillery without paying the tax. It was admitted by the government that an offer of compromise had been made and accepted, and that the indictment upon such compromise and settlement had been dismissed. A consideration of the compromise and settlement, however, was objected to on the ground that it was not made in the case and is not pleaded in the answer. Permission was given to file supplemental answer setting forth this fact, since it arose after the filing of the original answer, and the matter taken under consideration for decree, as the law warranted. Neither party has presented any authorities, or cited the court's attention to any law. Under the provisions of law, no person shall carry on the business of a distiller without paying a revenue tax and complying with the customs statutory regulations, and a person who carries on the business of a distiller without meeting the requirements shall be punished, and under the provisions of section 3281, R. S. (section 6021, Comp. St. 1918), set out in the libel of information, it is provided that "all personal property * * * which shall be found in any * * * inclosure * * * shall be forfeited to the United States." Under section 5952, Comp. St. 1918 (section 3229, R. S.), the Commissioner of Internal Revenue, with the advice and consent of the Secretary of the Treasury, may compromise any criminal or civil case arising under the internal revenue laws.

The question for decision here is whether the compromise removes the ground of forfeiture. If the compromise covers the offense, obliterating it in legal contemplation, the ground of forfeiture would be removed. The right of forfeiture and the legal obligation to pay tax are one provision. It is all one within the contemplation of the Congress. The forfeiture of the personal property was as much a part of the punishment as the assessment of a fine or imprisonment in the event of guilt. When the compromise was accepted, all of the civil obligations to the government, so far as the payment of the tax is concerned, and the other irregularities, if any, were compensated for. The penalties were all obliterated by the acceptance of the compromise. The compromise would seem to be in satisfaction of all the demands of the revenue section, and officers of the United States authorized to make a settlement, and necessarily carry with it the release of the

penalty attached to the commission of the offense.    It would seem to be the very essence of the compromise that it releases the offender from the offense.    It covers the offense and the penalty.    As stated in Willingham v. U. S., 208 Fed. 137, at page 139, 127 C. C. A. 263, at page 265:

> "If his offer of compromise was accepted, no criminal proceeding could thereafter be had."

If the criminal proceeding is obliterated, then the civil proceeding must necessarily fail.    The fact that the civil proceeding had been instituted does not change the relation or rights of the parties.    The title to the automobile, when forfeited, must rest upon the criminal act, and if the compromise of that act obliterates, in legal contemplation, the ground of forfeiture, the source of title is gone.    Carlisle v. U. S., 16 Wall. 151, 21 L. Ed. 426.    The offer of compromise and acceptance is, in legal contemplation, akin to a pardon, except that a compromise is based on a valuable consideration, and a pardon is founded on mercy.    A party is released from all penalties and forfeitures which accrue from the particular offense or offenses embraced in a pardon.    Ex parte Weimer, 29 Fed. Cas. 597; Ex parte Garland, 71 U. S. (4 Wall.) 333, 18 L. Ed. 366.    And this has operation on all property forfeited, unless the property has, by judicial process, become vested in other persons.    Osborn v. U. S., 91 U. S. 474, 23 L. Ed. 388.

[2] In view of the delay of the claimant in filing a supplemental answer immediately following the compromise, and having a speedy determination of the issue, he should pay the costs accruing after the compromise was effected.    Upon the payment of such costs, an order of dismissal may be presented.