[S. F. No. 16452. In Bank.—May 14, 1941.]

Suspension of GEORGE W. HICKMAN (an Attorney at Law).

Louis R. Deadrich and Deadrich & Spencer for Petitioner.

Claude Minard for Respondent.

THE COURT.—This is a petition to vacate and set aside the suspension of George W. Hickman, a member of the State Bar.

The petitioner was convicted in Alameda County of attempted grand theft, a crime involving moral turpitude. The verdict of guilty was returned and filed on February 26, 1937. The petitioner's motion for a new trial was denied, whereupon he applied for probation. On March 17, his application was granted.

The order of probation contained the provision that "imposition of judgment and sentence be suspended for a period of five years, during which time the defendant is placed on probation." Then followed the conditions of the probation, including confinement in the county jail for the first fifteen months of the probationary period. On the day the order of probation was entered the petitioner gave oral notice of appeal from the order denying his motion for a new trial and also from the judgment. The determination of that appeal, in form an affirmance of the judgment and order, is found in volume 31 of California Appellate Reports, second series, at page 4 [87 Pac. (2d) 80].

Theretofore and on March 12, 1937, an order was made reciting that a "certified copy of judgment" was filed in this

court, from which it appeared that petitioner, an attorney at law, had been convicted of the crime of attempted grand theft. Wherefore it was ordered that petitioner be "suspended from his office as such attorney until said judgment shall become final." It was further ordered that "should said judgment be affirmed on appeal, or otherwise become final, said George W. Hickman shall thereafter be deemed removed from said office, and that his name be stricken from the roll of Attorneys and Counsellors at Law, but in case such conviction be set aside, he shall be deemed fully restored to his office as attorney at law."

On November 24, 1939, the superior court found that the petitioner had faithfully complied with all of the terms and conditions of probation; ordered that the verdict of guilty be changed to not guilty, and that the indictment charging the offense against the petitioner be dismissed, all pursuant to the provisions of section 1203.4 of the Penal Code.

Shortly after the entry of the order last above described the petitioner made an *ex parte* application to this court for an order setting aside the order of suspension, which was not granted. Later the petitioner filed the present petition and the matter came on regularly for hearing on an order to show cause, directed to the State Bar, why the petition should not be granted.

It is the contention of the petitioner that the recent decision of this court in *In re Petition of Phillips* (17 Cal. (2d) 55 [109 Pac. (2d) 344], January 17, 1941) is favorable to the granting of his petition. The factual situation in the Phillips case was not the same as in the present matter. In the Phillips case the order of probation was made after the pronouncement of sentence and the execution of the judgment was then suspended. In the present matter the "imposition of judgment and sentence" was suspended, and the defendant then placed on probation. In other words, the criminal proceedings were suspended prior to and without the imposition of judgment and sentence and no judgment of conviction was ever entered.

Under both the majority and the minority views expressed in the Phillips matter, there is no authority for an order of disbarment of petitioner under the circumstances here presented. And there appears to be no justification for a continuation of the order of suspension of petitioner, unless re-

quired by the order of affirmance of the District Court of Appeal above noted or the order of suspension made by this court on March 12, 1937.

It is true that the petitioner noticed an appeal from the judgment as well as from the order denying his motion for a new trial, but as no judgment had been entered, the determination of the District Court of Appeal must be deemed to have been limited to an affirmance of the order denying the motion for a new trial, which was an appealable order under section 1237 of the Penal Code. The order of affirmance could not be effective thus to create or supply a judgment when, in fact, none had ever been entered.

Likewise the order of this court of March 12, 1937, cannot serve to supply a judgment of conviction by a recitation in the order that a certified copy of a judgment had been filed in this court, when in truth the record shows that only a certified copy of a record of conviction had been presented. Under section 288 of the Code of Civil Procedure (now sec. 6101 of the State Bar Act) the verdict of guilty was the conviction which, duly certified to this court, was the conclusive evidence authorizing a suspension "until judgment in the case becomes final."

It is the inevitable conclusion from the circumstances in this matter that, since no judgment was ever entered, the statutory authority for an order of disbarment, as provided in section 6102 of the State Bar Act, is lacking; and that since there is now no criminal proceeding pending against the petitioner, the authority for the continued suspension of the petitioner, pursuant to section 6101 of the same act, is likewise lacking.

This conclusion, however, does not absolve the petitioner from the consequences of unprofessional conduct which may be inquired into by or under the direction of the Board of Governors of the State Bar independently of the criminal proceedings, which inquiry, as stated by counsel for the State Bar on oral argument herein, is pending.

The petition is therefore granted and the suspension of petitioner from the practice of the law in this state, as ordered March 12, 1937, is terminated.