In the Matter of ABRAHAM J. SEPTOFF, Petitioner, against DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Kings County, September 10, 1948.

*Gerald Adler* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Samuel A. Hirshowitz* of counsel), for respondents.

NORTON, J. The petitioner seeks a review of the determination of the Department of State of New York and an order declaring such determination void and of no effect and directing the issuance of a real estate salesman's license to petitioner. Section 440-a of the Real Property Law provides: " No person shall be entitled to a license as a real estate broker or real estate salesman under this article who has been convicted in this state or elsewhere of a felony, and who has not subsequent to such conviction received executive pardon therefor or a certificate of good conduct from the parole board, to remove the disability under this section because of such conviction." The petitioner admits that on June 10, 1937, he pleaded guilty to the crime of grand larceny in the second degree in the Court of General Sessions, County of New York. He asserts that the execution of sentence on his plea of guilty was suspended and that he never actually served any time in a penal institu-

tion. It is conceded that a certificate of good conduct from the Parole Board is unavailable to the petitioner because he had never served time in a penal institution, and in lieu thereof the petitioner now submits to the court a letter signed by the chief probation officer of the Court of General Sessions, New York County, who states that while the petitioner was under the supervision of the probation department of the Court of General Sessions he conducted himself in a law-abiding manner and that on December 28, 1939, petitioner was discharged from probationary supervision. The letter further states that this probation department has no authority to issue either a pardon or a certificate of good conduct. It would appear that the certificate of good conduct from the Parole Board as required by the above section, section 440-a of the Real Property Law, is only available to persons convicted of a felony who have served terms in a penal institution. The law is discriminatory, prejudicial and unfair to persons in the position of the petitioner and should be amended by the Legislature to cover a situation in which this petitioner finds himself. However, in view of the provisions of section 440-a, the respondent has no discretion in this matter and must refuse to issue a license to the petitioner.

The application is, therefore, denied.