Thomas A. Aurelio, J.
This is a proceeding under article 78 of the CPLR to review a determination of the respondent, Department of State of the State of New York, in revoking petitioner’s license as a real estate broker on the ground that such revocation was mandatory under section 440-a of the Real Property Law because of petitioner’s conviction in the Federal court of a felony.
Petitioner was found guilty after a four-month trial by jury of testifying falsely before a Grand Jury in violation of section 1621 of title 18 of the United States Code. Concededly, this would be a felony under New York law.
After the jury verdict, the Federal Judge, at the time of sentencing, reviewed petitioner’s background and after indicating that there were mitigating circumstances present suspended the imposition of sentence on all counts and placed petitioner on probation for two years.
The only issue presented here is whether under these circumstances, petitioner, who did not receive a sentence, was “ convicted ” of a felony as provided by the Real Property Law.
Petitioner relies on a series of cases which hold that for some purposes a person is not regarded as having been convicted of a crime so long as sentence has not been imposed or even if it has been imposed and its execution suspended. It is well established in New York that the word “ conviction ” is of equivocal meaning and its use in a statute “ may vary with the particular statute involved. It presents a question of legislative intent” (Matter of Richette v. New York State Bd. of Parole, 300 N. Y. 357, 360; see, also, People ex rel. Marcley v. Lawes, 254 *18 N. Y. 249, 254; People v. Weinberger, 21 A D 2d 353, affd. 15 N Y 2d 735).
In the landmark ease of People v. Fabian (192 N. Y. 443) the question was whether the defendant who had previously been convicted of burglary and had received a suspended sentence, had been ‘ ‘ convicted ’ ’ under the Constitution, which mandated that the Legislature u enact laws excluding* from the right of suffrage all persons convicted of bribery”.
The court, therein, reviewed in detail the leading cases in the country which had considered the problem and stated (p, 449) after painstaking analysis that since the term was given varying meanings “ there is no fixed significance which the courts are bound to adopt, and leaves us the utmost freedom of inquiry as to what was intended [by the legislature].” In ruling in that case that the term “ conviction ” required not only a verdict of guilty but a judgment and holding that a suspended sentence did not constitute such a judgment, the court adopted the language of the dissenting opinion in the Appellate Division which stated (pp. 449-450) that “ ‘ where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eye of the law, it is that condition which is evidenced by sentence and judgment, and that where sentence is suspended and so the direct consequences of fine and imprisonment are suspended or postponed temporarily or indefinitely, so, also, the indirect consequences are likewise postponed.’”
Respondent submits in opposition to this basic principle that the courts have since construed statutes dealing with the various professions such as medicine, dentistry and the law and have held that a suspended sentence was sufficient to sustain the revocation of the professional’s license. (Matter of Robinson v. Board of Regents of Univ. of State of N. Y., 4 A D 2d 359; Matter of Weinrib v. Beier, 294 N. Y. 628; Matter of Sugarman, 237 App. Div. 346.) In these and similar cases the courts were still required to make a finding of the legislative intent and it is apparent that in the cases cited the word “ conviction ” may well have been so interpreted because of the fact that members of a profession are held to higher standards of character and performance than the nonprofessional man. It is also significant that the Court of Appeals in the Weinrib case (supra) added another factor to the considerations involved. Although holding that a dentist who had received a suspended sentence after a plea of guilty to a felony was “ convicted ” within the meaning of section 1311 of the Education Law, one of the elements apparently considered was that the suspended sentence had followed *19 the confession by the defendant “ in open court by formal plea of guilt the commission of a felony (p. 632; emphasis supplied).
In another case relied on by respondent which involved a nonprofessional, De Veau v. Braisted (5 A D 2d 603) the court held that it was the legislative intent that there was in fact a “felony conviction” under the Waterfront Commission Act even when sentence had been suspended. However, the finding of legislative intent in that case was clearly predicated on the express language of the statute which specifically provided that the disability resulting from a felony conviction would be removed when the convicted person submitted evidence to the commission of good conduct for a five-year period which would start from the date of sentence or “ suspension of sentence ”. Conversely, although the statute in the present case affords the party involved an opportunity to rehabilitate himself by submitting “ a certificate of good conduct from the parole board ”, it was not the practice of the New York State Parole Board, when this section was added, to issue certificates of good conduct to persons receiving suspended sentences. In Matter of Septoff (194 Misc. 926, 927) the court stated: “It is conceded that a certificate of good conduct from the Parole Board is unavailable to petitioner because he had never served time in a penal institution ”. Since the only way (except presidential pardon) provided by the Legislature to remove the disabilities imposed by section 440-a of the Real Property Law when the statute was enacted was available only to persons who had actually served time in a penal institution, it seems clear that it was not the legislative intent to consider one who received a suspended sentence as having been convicted within the scope of section 440-a of the Real Property Law. To hold otherwise would mean that the Legislature intended that a person that the sentencing court felt could be rehabilitated and did not require imprisonment either as punishment or for the protection of society was forever barred from requesting reinstatement of his occupational license, while an offender whose background made imprisonment necessary could submit a certificate of good conduct and apply for reinstatement as a real estate broker. Such an inequitable result was surely not intended.
It is also noted that the Legislature has on occasion exercised its privilege of broadening and clarifying the meaning of “ conviction ”, when it deemed it proper, so as to specifically provide that wherever the term was used in the statute it would 11 mean a finding of guilt * * * irrespective of the pronouncement of judgment or the suspension thereof ” (Alcoholic Beverage *20 Control Law, § 3, subd. 8). There is, of course, no such clear expression of legislative intent in the language of section 440-a of the Real Property Law.
Moreover, the Judge who presided at the Federal trial saw fit to suspend the imposition of sentence. Such a disposition is specifically authorized in a proper case under section 3651 of title 18 of the United States Code. Under this statute the court had the option of either imposing sentence and suspending its execution or suspending the imposition of sentence. There is a definite distinction between the alternatives. Since People v. Fabian (supra) the weight of authority is to the effect that in order for there to be a “ conviction ” as used in penal statutes calling for “ disabilities, disqualifications and forfeitures ” there must be not only the verdict of guilty but also the judgment of the court. There is no doubt that the sentence imposed is the judgment and there can be no judgment until sentence has been imposed (People v. Harcq, 292 N. Y. 321, 325, 326). A suspension of the imposition of sentence is not deemed to be a sentence of any kind by the Federal courts (Bartlett v. United States, 166 F. 2d 928, 932). It has been said that the Federal act under which imposition of sentence was suspended is to be viewed as having the general purpose of “ looking to the amelioration of the condition of the unfortunate in whose behalf it was enacted ” (Riggs v. United States, 14 F. 2d 5, 9).
Under the circumstances a finding that the petitioner had been “ convicted ” as provided by section 440-a of the Beal Property Law would be unwarranted.
Both petitioner and respondent have cited conflicting authorities in support of their positions from this State, foreign States and the Federal courts, but neither referred to what may well be the only appellate case which considered the effect of the suspension of imposition of sentence by a United States court after a jury finding of guilty, in a subsequent proceeding to revoke a real estate broker’s license pursuant to a statute making such action mandatory if the broker had been “ convicted ” of a felony. In Meyer v. Missouri Real Estate Comm. (238 Mo. App. 476) this precise point was before the court. In a well-reasoned opinion which analyzed the congressional intent in enacting the predecessor statute to section 3651 of title 18 of the United States Code, and also reviewed the leading State and Federal authorities, the court held (p. 483): “ Consequently, having in mind the beneficent purposes of the Federal Act we are of the opinion that it was not intended by Congress that a suspension of imposition of sentence and placing of defendant on probation should be construed to be a final judgment of con *21 viction in the case such as to work injury to Mm in another proceeding.” The court therein also noted that during the probationary period the Federal court was empowered to discharge the defendant from supervision and terminate the proceeding or the court could see fit to dismiss the proceeding entirely.
Accordingly, the determination of the respondent which revoked petitioner’s license is annulled and his license reinstated.
The record indicates that the acts for which petitioner was indicted occurred prior to his licensing as a real estate broker and, of course, did not arise out of his acting in that capacity. It also appears that petitioner had submitted to the Department of State material bearing on his apparently otherwise excellent background, i.e., proof of a distinguished war record, character references, etc. However, respondent’s determination to revoke petitioner’s license was based solely on the narrow ground that such action was mandatory and this decision is without prejudice to the institution of a further proceeding under section 441-c of the Real Property Law, should the Department of State feel that petitioner’s character and general trustworthiness should be reviewed.