Philip Wayne **FITE**, Plaintiff,

v.

**RETAIL CREDIT COMPANY,**
Defendant.

No. CV 74–7–BLG.

United States District Court,
D. Montana,
Missoula Division.

Jan. 9, 1975.

Christopher J. Nelson, Billings, Mont., for plaintiff.

Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

On November 17, 1972, the plaintiff (hereinafter "consumer") was convicted in a federal court, following a plea of guilty, of a violation of 18 U.S.C. § 641 (theft of government property). He was sentenced under the Youth Corrections Act. 18 U.S.C. § 5005 et seq. The imposition of sentence was suspended and he was placed on probation for one year. Prior to the expiration of the period of probation consumer was unconditionally discharged, and his conviction

was automatically set aside. A certificate to that effect was issued pursuant to 18 U.S.C. § 5021(b).[1]

In August of 1973 consumer was employed as an insurance salesman. His employer secured a credit report from the defendant which fairly reported the consumer's arrest, sentence, and the setting aside of the conviction. Consumer lost his job. He now seeks a declaration that the record of his arrest and conviction is exonerated and an injunction prohibiting the defendant from reporting these facts to its customers and from maintaining any record of them.

There is no dispute as to the facts, and defendant's motion for summary judgment is granted.

The reasons are these:

Court proceedings are public events and the public has a legitimate interest in knowing the facts in them.[2] Traditionally court records have been public records, generally open for public inspection. Fair reports of what is shown on public records may be circulated freely and without liability. In the field of criminal law records of indictments, arrests, and arraignments are constantly reported without liability, and this even though any particular case may be later dismissed or a judgment of acquittal entered. Piracci v. Hearst Corp., 263 F.Supp. 511 (D.Md.1966), aff'd 371 F.2d 1016 (4th Cir. 1967). Certainly there is no general public policy which prevents disclosure of the record of arrests, indictments, or convictions.

The Youth Corrections Act (18 U.S.C. § 5021(b)) does provide that a discharge prior to the maximum period of parole shall "automatically set aside the conviction" but it does not, as does the recently enacted Juvenile Jus-

1. "§ 5021. Certificate setting aside conviction

\* \* \* \* \* \* \* \*

"(b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect."

2. Doe v. Deschamps, 64 F.R.D. 652 (D.Mont. 1974).

tice and Delinquency Prevention Act of 1974,[3] prohibit the disclosure of the record. A plea of guilty is, of course, an admission that the defendant committed the crime. The fact that the judgment is imposed under the Youth Corrections Act does not change the quality of the admission because a defendant pleads guilty to the crime charged, not to a violation of the Youth Corrections Act. Normally the defendant does not know at the time of the plea that upon conviction he will be treated under the Youth Corrections Act. Whether he will or not lies in the discretion of the judge, usually exercised after a review of the presentence investigation report.

Differing results have been reached where the fact of a sentence under the Youth Corrections Act is sought to be shown in some subsequent legal proceeding. The Court of Appeals for the First Circuit has held that the fact of a sentence under the Youth Corrections Act which has been discharged cannot be used to justify a deportation order under 8 U.S.C. § 1251(a)(11). In reaching this result the court said:

> . . . Pardon and leniency at most restore to an offender his civil rights; neither is as clearly directed as the Youth Correction Act toward giving him a second chance, free of *all* taint of a conviction. Mestre Morera v. United States Immigration and Naturalization Service, 462 F.2d 1030, 1032 (1st Cir. 1972).

The Court of Appeals for the Ninth Circuit has reached results which evidence a different approach. The court in Hernandez-Valensuela v. Rosenberg, 304 F.2d 639 (9th Cir. 1962), held that a person whose conviction was still subject to discharge under the Youth Corrections Act could be deported on the basis of the conviction. In Garcia-Gonzales v. Immigration and Naturalization Service, 344 F.2d 804 (9th Cir. 1965), the court held that a California conviction later set aside under California law (which provided for the dismissal of the accusation or indictment) was sufficient to warrant a deportation. Adopting the Omar Khayyám approach, with which I agree but which was apparently rejected by the First Circuit, the Ninth Circuit said:

> It is sheer fiction to say that the conviction is "wiped out" or "expunged." What the statute does is reward the convict for good behavior during probation by releasing certain penalties and disabilities. Garcia-Gonzales v. Immigration and Naturalization Service, *supra*, 344 F.2d at 808.

These cases do not control the problem here but they do indicate that in the Ninth Circuit a conviction under the Youth Corrections Act does not disappear when a certificate of discharge is issued.

 The Fair Credit Reporting Act[4] does not mention the Youth Corrections Act and does not prohibit the reporting of any facts shown of public record. It contemplates that consumer reporting agencies will in fact report matters of public record which may have an adverse effect upon a consumer's ability to obtain employment and refers specifically to records relating to "arrest, indictment, or conviction."[5] A credit reporting agency could lawfully report the record of an arrest or an indictment and a judgment of acquittal. Here the fact is that consumer by his plea of guilty admitted a theft. That the conviction is set aside does not alter the fact of the theft nor the admission of it. If the facts of the arrest, indictment, and arraignment may be reported, even in those cases where there has been an acquittal, a holding that the same facts could not be reported after an admission of guilt simply because the court had seen fit to proceed under the Youth Corrections Act would be paradoxical.

 Plaintiff urges that there was no final judgment here because the im-

---

3. 88 Stat. 1109, Sept. 7, 1974, to be codified as 42 U.S.C. § 5601 et seq.

4. 15 U.S.C. § 1681 et seq.

5. 15 U.S.C. § 1681c.

position of sentence was deferred. In re Ringnalda, 48 F.Supp. 975 (S.D.Cal. 1943); Ex parte White, 75 Okla.Crim. 204, 130 P.2d 103 (1942); Summerour v. Cartrett, 220 Ga. 31, 136 S.E.2d 724 (1964); O'Neill v. Department of State, 47 Misc.2d 16, 261 N.Y.S.2d 937 (Sup. Ct.1965); Murphree v. Hudnall, 278 So. 2d 427 (Miss.1973); State v. Mitchell, 2 Wash.App. 943, 472 P.2d 629 (1970). Without regard to the validity of these cases in the context in which the results in them are reached, any kind of an application of the rules in them to the problems here presented would be unrealistic. The court record, regardless of the form of the judgment, reflected a fact, i. e., the admission of a theft. That fact could be of interest to a potential employer without regard to the technical legal consequences of it.

The effect of all of this is that there is no discernable general policy preventing the full reporting of court records (except, and this quite recently, as to juveniles). The Youth Corrections Act does not expressly nor by implication prohibit the reporting and the Fair Credit Reporting Act does not expressly forbid the reporting of Youth Corrections Act convictions, and by implication permits it.

The plaintiff is denied all relief.