**David ALTMANSHOFER, and Marlene Altmanshofer, Plaintiff,**

v.

**TRW, INC., Defendant.**

**No. CV–88–4760–JMI (Sx).**

United States District Court,
C.D. California.

Nov. 9, 1988.

Anthony G. Lagomarsino, Newport Beach, Cal., for plaintiff.

Nancy L. Dassoff, Cutler & Cutler, Los Angeles, Cal., for defendant.

## STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

IDEMAN, District Judge.

The Court hereby finds the following Statement of Uncontroverted Facts and Conclusions of Law:

### STATEMENT OF UNCONTROVERTED FACTS

1. Defendant TRW, Inc. is a consumer credit reporting agency incorporated in Ohio with its principal place of business in Ohio.

2. Plaintiffs David Altmanshofer and Marlene Altmanshofer are individuals who reside in California.

3. The complaint seeks damages in excess of $10,000.00.

4. On February 3, 1986, ITT Commercial Finance Corp. filed an involuntary petition under Chapter 7 against plaintiffs David J. Altmanshofer and Marlene Altmanshofer in the United States Bankruptcy Court for the Central District of California. Case No. LA 86–1815 JD.

5. On December 2, 1986, a "Stipulation to Dismissal With Prejudice and Order Thereon" was entered by the Bankruptcy Court. Case No. LA 86–1815 JD.

6. On August 11, 1986, an "Order Closing Estate Where No Trustee Has Been Appointed" was issued by the Bankruptcy Court. Case No. LA 86–1815 JD.

7. Defendant TRW, Inc. reported the Chapter 7 involuntary bankruptcy proceeding on the plaintiffs' credit profiles after the petition was filed.

8. In August of 1987, defendant TRW updated plaintiff Marlene Altmanshofer's credit profile to show that the bankruptcy had been dismissed.

9. In December of 1987, defendant TRW updated plaintiff David Altmanshofer's credit profile to show that the bankruptcy had been dismissed.

10. Any statement of uncontroverted fact inappropriately designated as a conclusion of law is incorporated herein.

### CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a)(1).

2. The Court has personal jurisdiction over the defendant for the purposes of the instant action.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

4. California Civil Code § 1785.13, in pertinent part, prohibits a credit reporting

agency from reporting "Bankruptcies which, from the date of adjudication, antedate the report by more than 14 years." The Court finds that defendant TRW has not violated § 1785.13 by reporting the Chapter 7 involuntary bankruptcy petition on the plaintiffs' credit profiles because this information does not antedate the report by more than 14 years.

5. The California Consumer Credit Reporting Agencies Act, Cal.Civ.Code §§ 1785.1–.35, and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681t, require credit reporting agencies to make appropriate corrections in credit reports upon request of customers and follow appropriate procedures. The Court finds that defendant TRW did not violate these Acts because the defendant reported accurate information about plaintiffs. *See Watson v. Credit Bureau, Inc. of Georgia,* 660 F.Supp 48 (S.D.Miss.1986); *McPhee v. Chilton Corp.,* 468 F.Supp. 494 (D.Conn.1978).

6. The Court also finds that defendant TRW did not violate the Credit Reporting Acts because the defendant has a right to report the Chapter 7 involuntary bankruptcy petition since it is a matter of public record. *Fite v. Retail Credit Company,* 386 F.Supp. 1045 (D.Mont.1975), *aff'd.* 537 F.2d 384 (9th Cir.1976).

7. Any statement of uncontroverted fact inappropriately designated as a conclusion of law is incorporated herein.

IT IS SO ORDERED.

## JUDGMENT

IT IS HEREBY ORDERED as follows:

1. Defendant TRW Inc.'s motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is GRANTED. Plaintiffs Altmanshofers' cross-motion for summary judgment is DENIED. The Court finds that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law.

The Court treats defendant's motion to dismiss for failure to state a claim or in the alternative for summary judgment, as a motion for summary judgment because matters outside the pleadings were submitted and accepted by the Court. The Court finds there is no prejudice to plaintiffs by treating the motion as one for summary judgment, because the plaintiffs also treated the defendant's motion as one for summary judgment, and presented arguments in support of summary judgment in their own favor.

2. Defendant TRW Inc.'s motion for attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure is DENIED. The Court finds that plaintiffs' counsel was arguing for an extention of the law in good faith and therefore did not violate Rule 11.

3. Judgment is entered in favor of defendant TRW Inc. and against plaintiffs. Defendant TRW Inc. is awarded costs of suit. The Clerk of the Court shall refund the $500.00 cash bond posted by defendant for removal of the instant action.

IT IS SO ORDERED.