**L. LOEWY & SON, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

Circuit Court of Appeals, Second Circuit.
April 1, 1929.

No. 239.

Paskus, Gordon & Hyman, of New York City (Arthur B. Hyman, of New York City, of counsel), for appellant.

Mabel Walker Willebrandt, Asst. Atty. Gen. (John Vaughan Groner, Sp. Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). The questions involved on this appeal are:

(1) Whether the taxpayer and the Commissioner reached an agreement fixing the

amount of the tax which, when followed by payment, constituted an accord and satisfaction, or an estoppel, and barred the assessment and collection of additional taxes.

(2) Whether or not the assessment and collection of any deficiency in taxes for the fiscal years was barred by the statute of limitation.

■ The first question seems to have been answered by the Supreme Court in Botany Worsted Mills v. United States, 49 S. Ct. 129, 73 L. Ed. ——. In that case an adjustment of taxes had been made between the taxpayer and the Bureau of Internal Revenue, but there had been no compromise effected in accordance with section 3229 of the Revised Statutes (26 USCA § 158), which provides that:

"The Commissioner of Internal Revenue, with the advice and consent of the Secretary of the Treasury, may compromise any civil or criminal case arising under the internal revenue laws instead of commencing suit thereon; and, with the advice and consent of the said Secretary and the recommendation of the Attorney General, he may compromise any such case after a suit thereon has been commenced. Whenever a compromise is made in any case there shall be placed on file in the office of the Commissioner the opinion of the Solicitor of Internal Revenue, * * * with his reasons therefor, with a statement of the amount of tax assessed, * * * and the amount actually paid in accordance with the terms of the compromise."

The Supreme Court said, in its opinion in Botany Worsted Mills v. United States, supra, that:

"Congress intended by the statute to prescribe the exclusive method by which tax cases could be compromised, requiring therefor the concurrence of the Commissioner and the Secretary, and prescribing the formality with which, as a matter of public concern, it should be attested in the files of the Commissioner's office. * * * * "

In view of the Botany Worsted Mills decision, it is quite manifest that a binding adjustment of a disputed tax can only be had in the way prescribed by the statute, and that the Commissioner was free to revise his figures and make his final assessment at any time within the period allowed by statute.

The foregoing conclusion is reinforced by section 1312 of the Revenue Act of 1921 (42 Stat. 313), in force at the time the taxpayer accepted the additional tax liability of $247.-41. That section provides that if, after assessment, the taxpayer has paid a tax without protest, or accepted any abatement, credit, or refund based on such determination and assessment, "and an agreement is made in writing between the taxpayer and the Commissioner, with the approval of the Secretary, that such determination and assessment shall be final and conclusive, then (except upon a showing of fraud or malfeasance or misrepresentation of fact materially affecting the determination or assessment thus made) (1) the case shall not be reopened or the determination and assessment modified. * * * * "

It is hard to see why section 1312 should require a written agreement, approved by the Secretary of the Treasury, in order to prevent the modification of an assessment, if the assessment under such conditions could not be revised anyway.

It is contended by the taxpayer that Woodworth v. Kales, 26 F.(2d) 178, is persuasive of the correctness of its position. The Circuit Court of Appeals of the Sixth Circuit there seemed to hold that an assessment once made could not be revised, even within the statutory period, except for fraud or for a mistake of fact, neither of which existed here. But in the present case, there was apparently no assessment made of a deficiency of $247.41, nor has there been any assessment of the further deficiency of $1,-165.11 later determined.

The taxpayer relies on the theory that, when he was confronted with the Commissioner's determination that there was a deficiency of $247.41, and he accepted the figures then presented as correct, and paid the tax, there was both an account stated and an accord and satisfaction, which the Commissioner could not later reject, unless for fraud or mistake. Such a contention is quite out of harmony with the reasoning of Botany Worsted Mills v. United States, supra. It assumes a compromise of a tax liability without the consent of the Secretary of the Treasury, although a consent is required by section 3229 of the Revised Statutes, and the Supreme Court says that such statute prescribes the exclusive method of a binding adjustment.

The contention that the Commissioner is estopped to claim the deficiency of $1,165.11, even if estoppel can bar a tax liability, is without foundation. We have been furnished with no proof that the deficiency claimed was not in all respects correct. On the record, the most that can be said is that the taxpayer paid more than it claimed was the correct amount. But no false representation was made. The Commissioner did not purport to

compromise the tax, and had no authority to do so without the consent of the Secretary. It is accordingly clear that the deficiency should be assessed, unless it is barred by the statute of limitations.

■ The taxpayer finally contends that the Commissioner is barred from assessing or collecting the tax by the statute of limitations. The return was filed on October 14, 1920. Under the act of 1918, then applicable, the amount of the tax had to be assessed and the proceeding to collect it begun within five years after the return was made. Section 250(d), 40 Stat. 1083. But a corresponding section of the Revenue Act of 1921 (42 Stat. 265) provided that taxes for *prior years* should be assessed within five years after the return was filed, unless the Commissioner and the taxpayer consented in writing to a later determination, assessment, and collection of the tax. In the absence of a consent, the five-year period within which assessment might have been made would have expired on October 14, 1925. During this period, however, the Revenue Act of 1924 took effect. By that act it was provided that income taxes imposed by prior acts should be assessed within five years after the return was filed, and, where there had been a consent in writing to the assessment of the tax after such time, the assessment might be at any time prior to the expiration of the period agreed upon, and the collection might be begun within six years after the assessment. The subsequent Revenue Act of 1926 contained similar provisions.

We held in Loewer Realty Co. v. Anderson, 31 F.(2d) 268, that an assessment subsequent to five years after the return was filed for the 1920 tax, but within the extended period covered by the taxpayer's waiver, was made within the "statutory period," as defined in section 278 of the Act of 1926 (26 USCA §§ 1058–1062a), and that the tax might be collected within six years after such assessment. We adhere to that decision, and hold that the question whether the statute of limitations has run must depend solely on the interpretation to be given to the waiver already referred to.

■ The first waiver was filed under date of March 2, 1925, and the second on February 19, 1926. The notice of the deficiency for the tax of $1,165.11 was mailed on December 11, 1925, and the waiver of March 2, 1925, provided that the time for making any assessment should remain in effect until December 31, 1925, except that, if an appeal to the Board of Tax Appeals should be taken, that date should "be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said board." The appeal to the board was taken on February 5, 1926, and on February 19, 1926, a second waiver was filed, providing that "the time for making any assessment * * * shall remain in effect until six months after the date of the final decision of the United States Board of Tax Appeals. * * *"

Clearly the extended time has not expired, unless the order of the board on April 19, 1928, declaring a deficiency of $1,165.11, is the "final decision" of the board described in the waivers.

The taxpayer contends that the decision was final when the order of April 19, 1928, was made, and says this must be so because, when the waivers were signed, there was no provision for a review of the decisions of the Board of Tax Appeals. But the finality of those decisions was a matter which might be changed by statute, and by section 1005 of the act of 1926 (26 USCA § 1228(a) (2), it was changed. That section provided in part that "the decision of the Board shall become final * * * (2) upon the expiration of the time allowed for filing a petition for certiorari, if the decision of the board has been affirmed or the petition for review dismissed by the Circuit Court of Appeals and no petition for certiorari has been duly filed."

It is plain, from section 1005, supra, that the extension provided for in the second waiver can in no event expire before nine months after our decision has been filed. Consequently the statute of limitations has not run against the Commissioner, and the order of redetermination of the Board of Tax Appeals' finding a deficiency of $1,165.11 is affirmed.