**COLLINSON et al. v. REYNOLDS.**

No. 1940.

District Court, D. Wyoming.

July 23, 1930.

Corthell, McCullough & Corthell, of Laramie, Wyo., for plaintiffs.

Albert D. Walton, U. S. Atty., of Cheyenne, Wyo., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John R. Wheeler and P. E. Miller, Sp. Attys. Bureau of Internal Revenue, all of Washington, D. C., for defendant.

KENNEDY, District Judge.

This is an action at law in which plaintiffs seek to recover of the defendant collector a certain sum paid as income taxes under protest, upon the ground that said taxes were improperly and illegally assessed. The collector resists the suit by appropriate pleadings and the matter is presented to the court, a trial by jury having been expressly waived.

Arthur Francis Thomas Cooper having died, the administrator of the estate made an income tax return for the year 1920 in which deductions of two items were claimed, (1) attorney's fees expended of $20,750 and (2) Wyoming inheritance tax paid of $16,-870, from which computation there resulted a tax of $13,082.61, which was subsequently paid in March, 1921. In March, 1923, a revenue agent recommended the disallowance of both claimed deductions. In August, 1925, the Commissioner of Internal Revenue notified the taxpayer of a deficiency in tax amounting to $17,000 plus, based upon the report of the agent, following which the taxpayer filed a protest. In November, 1925, the commissioner made a redetermination of the tax by which item No. 1 hereinbefore referred to relating to attorney's fees was allowed as a deduction, and item No. 2 relating to the Wyoming inheritance tax was disallowed and the tax thereupon recomputed and assessed by which an additional tax liability of $7,297.16 was levied. In March, 1926, the taxpayer transmitted and paid under protest such additional tax. In July, 1926, the taxpayer filed application for a refund of such additional tax. In May, 1929, the commissioner notified the taxpayer of his decision resulting in a refusal to refund and setting forth a recomputation of the tax. In his latest computation the commissioner allowed the deduction of item No. 2, the Wyoming inheritance tax paid, but disallowed item No. 1, the attorney's fees expended which had theretofore been allowed, resulting in an indicated additional tax of $1,500 plus, which additional tax the commissioner

ruled was barred by the Statute of Limitations, but refusing any refund of the taxes so paid under protest. Other small items included in the protested payment were waived upon the trial, and the matter is presented to the court solely upon the action of the commissioner as it affects and concerns the two items which are hereinbefore referred to:

It is the contention of the plaintiffs, as the court understands it, that the commissioner once having allowed the deduction in making the assessment of the item concerning attorney's fees, is barred from subsequently disallowing said deduction because of the time which elapsed and that such action by the commissioner in allowing such reduction became final. On the other hand, the defendant contends that so long as the matter of the adjustment of the tax was before the commissioner, that official had the right and the authority to modify and change the assessment schedules so long as the matter of the particular tax for which the application for refund had been made was before him and remained unadjusted.

The courts have not been entirely in harmony upon the exact point here presented. Without entering into a lengthy discussion of these decisions, the latest case cited by counsel for defendant is one from the Third Circuit, McIlhenny et al. v. Commissioner (C. C. A.) 39 F.(2d) 356, 357, where the following set-up of facts is presented:

"John D. McIlhenny filed an income tax return for the year 1920, in which he claimed a deduction for loss of $4,749.42. Early in 1923, a revenue agent examined his return and disallowed the deduction. McIlhenny filed a protest. In February of 1924 the Commissioner of Internal Revenue, after giving consideration to the report of the revenue agent and the taxpayer's protest, expressly allowed the deduction in full. Other adjustments in the return, however, resulted in a determination of a deficiency and an assessment of an additional tax which McIlhenny duly paid in full. On November 18, 1925, the same Commissioner, without having before him any evidence of fraud, malfeasance, misrepresentation of fact, or new evidence of any character, reopened the case, disallowed the deduction and, on January 8, 1926, notwithstanding the protest of the executors of McIlhenny, who had died on November 23, 1925, determined, solely because of such disallowance, a deficiency in his income tax for 1920 in the sum of $2,043.82. The executors appealed from the redetermination of the Commissioner to the United States Board of Tax Appeals. The Board sustained the Commissioner."

The court then analyzes the question presented in the following language:

"But the sole question presented by the record before us is not whether the first action of the Commissioner in allowing the deduction was right or wrong, but whether having once determined the matter, the tax computed upon such determination having been paid, the Commissioner had power or authority, in the absence of fraud or other new evidence, to reopen the case, disallow the deduction theretofore allowed by him, and make a redetermination of the tax. In support of their contention that the Commissioner was without power to reopen the case and make a redetermination, the petitioners, the taxpayer's executors, rely upon Woodworth v. Kales, 26 F.(2d) 178 (C. C. A. 6), and the Commissioner's order of January 20, 1923, while the Commissioner finds support for his opposite view in Botany Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379; L. Loewy & Son v. Commissioner of Internal Revenue, 31 F.(2d) 652 (C. C. A. 2); Holmquist v. Blair, 35 F. (2d) 10 (C. C. A. 8); Austin Co. v. Commissioner of Internal Revenue, 35 F.(2d) 910 (C. C. A. 6); sections 1312 and 1313 of the Revenue Act of 1921, 42 Stat. 227; and sections 1006 and 1007 of the Revenue Act of 1924, 43 Stat. 253 (26 USCA § 1249 note, and § 1250)."

The court thereupon expresses its conclusion at page 358, as follows:

"In the case at bar, the statutory procedure was not followed, in that there was no agreement in writing, or otherwise, that the determination and assessment of February, 1924, should be final and conclusive. As a consequence, we are constrained to hold that the determination and assessment of 1924 were not final and conclusive, and that the Commissioner was not estopped or otherwise barred, by the payment and acceptance of the tax based on such determination and assessment, for reopening the case and making the further determination subsequently made by him."

If the state of the law is as determined in that case, I see no reason why on principle it should not be applied to the case at bar. In addition, it might be said that the plaintiffs after the redetermination still had the right to contest the validity of the disallowance of the attorney's fees and to have the matter of the proper or improper disallowance of this item passed upon in the

regular course. This action, however, the plaintiffs have not elected to pursue. While it is the law that where doubt arises in regard to the construction of the tax, the doubt must be resolved in favor of those upon whom the tax is sought to be laid (Spreckles Sugar Refining Co. v. McClain, 192 U. S. 397, 24 S. Ct. 376, 48 L. Ed. 496), yet it is likewise the law that in a suit to recover alleged illegal taxes collected, the burden of proving the illegality rests upon the taxpayer (Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379); and in the strict application of the latter principle as concerns the item of attorney's fees, the burden placed upon the taxpayer has not been discharged by plaintiff's showing in this case.

It may be admitted that the situation which has here arisen makes for a condition of confusion and uncertainty to the taxpayer which the Congress might in all fairness make plain; however, it is doubtful whether a fair construction of the statutory provisions covering income tax assessments affords any relief at the present time.

For the reasons stated, the findings and judgment will be for the defendant together with costs, and reserving to plaintiffs their proper exceptions.