## REYNOLDS et al. v. GNICHTEL.

District Court, D. New Jersey.
Nov. 3, 1932.

Stuart Chevalier, of New York City (Reed & Reynolds, of Newark, N. J., of counsel), for plaintiffs.

Anthony Giuliano, Asst. U. S. Atty., of Newark, N. J. (Ottamar Hamele, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., and C. M. Charest, Gen. Counsel, Bu-

reau of Internal Revenue, of Washington, D. C., of counsel), for defendant.

FAKE, District Judge.

This case is submitted upon an agreed state of facts.

Among other things, the defendant asserts that plaintiffs are estopped from maintaining the suit. The record discloses, in this connection, that a claim for a refund of $265,873.83 of an estate tax was filed in behalf of plaintiffs with the collector of internal revenue. He rejected the claim, and a few months later plaintiffs brought suit in the Court of Claims against the United States to recover the amount. The government, answering, denied liability. While the status of plaintiffs' claim remained in this posture, plaintiffs' counsel addressed a communication to general counsel of the Bureau of Internal Revenue under date of November 12, 1926 offering to settle the claim upon the terms and conditions therein set forth, saying: "In view of the fact that this matter has been pending for a number of years and of the desire of the Estate to dispose of the case without the expense and the delay which would be involved in further litigation, we are authorized to make the following proposal on behalf of the Estate, provided we can get prompt action thereon, as time is of the essence of this proposal."

Then follows the gist of the offer which it is not pertinent to go into for present purposes. The foregoing offer was in effect repeated by counsel for plaintiffs in another letter dated the next day, and thereafter conferences were held between general counsel for the Bureau of Internal Revenue and counsel for plaintiffs, culminating in a meeting on November 27, 1926, when an understanding was reached, and thereafter, on November 29, 1926, counsel for plaintiffs addressed a communication to the Commissioner of Internal Revenue confirming the terms and conditions of the aforesaid understanding, and it contains the following paragraph: "This letter is to confirm the offer made by the estate on November 27, 1926, and is in lieu of the offers theretofore made. The estate will agree to an inclusion in the gross estate of the following."

Then follows the details of the offer, and this further material statement: "Upon the acceptance of this offer and reopening and allowance of the claim for refund on the basis above stated, the estate will dismiss the case pending in the United States Court of Claims, in which a judgment is sought in the sum of $265,873.83 with interest  *  *  *."

On January 10, 1927, counsel for the estate again wrote to the Commissioner, and among other things said:

"This letter is to confirm the offer made by the estate on November 27, 1926, and is in lieu of the offers theretofore made.  *  *  *

"If you will reopen the refund claim heretofore filed and allow the same to the extent of $146,629.58, we will dismiss the action pending in the United States Court of Claims."

On the 24th day of January, 1927, counsel for the Bureau wrote to counsel for the estate in answer to the last above letter, agreeing to a refund of $146,629.58 as above offered, and indicated that the division had been requested to reopen and allow the same. Thereafter proceedings on the claim were reopened and the claim was allowed and paid and accepted in conformity with the terms of the offer.

This then accounted for $146,629.58 of the total of $265,873.83 claimed, leaving a balance of $119,244.25 rejected in conformity with the offer of settlement. And it is for the latter sum that the present suit is instituted.

By agreement between the parties and the Attorney General through one of his assistants, the suit pending in the Court of Claims was dismissed on plaintiffs' motion filed August 5, 1927, and allowed October 17, 1927: "for the reason that a settlement has been reached with the Commissioner of Internal Revenue."

From the foregoing, no other conclusion can be arrived at than that both parties intended to close the matter for all time and firmly believed that such would be the effect of their writings and their conduct concerning the same. Thus the matter rested until April 5, 1929, when this suit was instituted.

In the interim the United States Supreme Court handed down its opinion in Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 132, 73 L. Ed. 379, in which it appears that the Mills had agreed to a settlement of certain income taxes after negotiations with the Commissioner of Internal Revenue, and, after paying the tax, the Mills filed a claim for a refund, which was disallowed, and then instituted suit in the Court of Claims (63 Ct. Cl. 405), where the petition was dismissed upon the ground that the tax in question was imposed under an

agreement of settlement which prevented a recovery. Upon certiorari, the Supreme Court revers d the Court of Claims on this point because the provisions of section 3229 of the Revised Statutes (26 USCA § 158) had not been fully complied with, holding:

"It is plain that no compromise is authorized by this statute which is not assented to by the Secretary of the Treasury. Leach v. Nichols (C. C. A.) 23 F.(2d) 275, 277. For this reason, if for no other, the informal agreement made in this case did not constitute a settlement which in itself was binding upon the Government or the Mills. And, without determining whether such an agreement, though not binding in itself, may when executed become, under some circumstances, binding on the parties by estoppel, it suffices to say that here the findings disclose no adequate ground for any claim of estoppel by the United States.

"We therefore conclude that the Mills was not precluded by the settlement from recovering any portion of the tax to which it may otherwise have been entitled."

This leads us in the instant case to an examination of section 3229 of the Revised Statutes (26 USCA § 158). That act clearly provides certain safeguards relating to the settlement of cases after suit commenced: (1) The Commissioner must act; (2) the advice and consent of the Secretary of the Treasury must be had; and (3) the recommendation of the Attorney General must appear; (4) when a compromise is made, the Solicitor of Internal Revenue must file an opinion stating his reasons for the compromise. Thus we find four factors which must be present in a valid compromise.

■ (1) We find here that the Commissioner acted April 7, 1927, allowing the refund of $146,629.58 and rejecting the balance of the claim $119,244.25. (2) We find the Secretary of the Treasury advised and consented to the compromise of the case on July 8, 1930, which, it should be noted, is a date long after the dismissal of the case before the Court of Claims and also after issue joined in the instant suit. (3) The recommendation of the Attorney General, it is urged, is found in certain correspondence relating to the dismissal of the suit pending before the Court of Claims and also in the conduct of the Attorney General in holding the motion to dismiss and later filing the same upon the written consent of the plaintiffs.

Section 3229, Rev. St., does not limit the time within which the Secretary of the Treasury must evidence his advice and consent to such a settlement as was entered into here, nor does it indicate the form. There is nothing here to negative the thought that there may have been an oral consent, but, however that may be, the delay in filing the written consent was a mere oversight on the part of some officer of the government, which, in the absence of fraud, the plaintiff cannot take advantage of. It could have been filed earlier without any impropriety, and it now evidences the advice and consent of the Secretary required by the statute.

■ The approval of the Attorney General appears by his letters of February 1, 1927, and July 1, 1927, and also by his subsequent conduct in aid of the dismissal of the suit before the Court of Claims. The letters indicate the matter had received his attention and that he had advised with the Commissioner and formed conclusions as to the subject-matter, all of which amount to the recommendation required by the statute.

■ Aside from the conclusion that the statutory requirements have been met by the defendant, I am of the opinion that the writings, coupled with the conduct of the parties, presents a situation, where, as between man and man, the plaintiff would be estopped from maintaining this suit. The same principles should apply when it appears that the interests of the government are affected, unless it is patent that the reasoning is in conflict with sound public policy, and no such conflict occurs here.

The writings spell out a contract. The parties changed their status by virtue of it. It was fully performed on both sides. They acquiesced in it for upwards of a year. The status quo ante has not been restored, and the plaintiff now in effect seeks to disregard the contract upon the theory that it was founded upon a mistake in law. Such a mistake is unavailing to him, and the foregoing factors are sufficient to and do set up an estoppel against him.

Judgment will be entered in favor of the defendant.