GEORGE H. BAKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46416. Filed September 21, 1955.

*Symington P. Landreth, Esq.*, and *Bertram P. Rambo, Esq.*, for the petitioners.
*William G. Handfield, Esq.*, for the respondent.

1022

OPINION.

BRUCE, *Judge:* Petitioner filed fraudulent income tax returns containing substantial understatements of income for each of the years 1944, 1945, and 1946. Thereafter, upon advice of counsel and after an investigation had been begun by internal revenue agents, petitioner filed amended returns disclosing additional income and deficiencies in tax, to which he added 5 per cent as penalties for negligence and interest to October 15, 1947, the date of filing. On the same date he paid all the tax, penalty, and interest shown thereon for the years 1944 and 1945 and a portion of the tax for the year 1946. In May 1949, after counsel for petitioner had been assured by one of the internal revenue agents that, if petitioner paid the balance of the tax, penalty, and interest shown on the amended return, no fraud penalties would be imposed on him, petitioner paid the balance.

Petitioner contends that such assurance and payment constituted a compromise and settlement of all his tax liabilities for the years 1944, 1945, and 1946, by reason of which respondent is now estopped from assessing and collecting any further taxes and penalties for those years.

Assuming the assurance given petitioner's counsel by the revenue agent amounted to an agreement, it is clear such agreement is not binding upon the respondent herein. The agent was only a subordinate official in the Bureau of Internal Revenue and there is no evidence that such agreement was called to the attention of the Commissioner or approved by him. Petitioner's counsel merely assumed it had been. Nor is there any evidence that any agreement compromising petitioner's tax liabilities was approved by the Secretary of the Treasury, the Under Secretary, or an assistant secretary, as required by section 3761 of the Internal Revenue Code of 1939.[1]

The leading case on this point is *Botany Worsted Mills* v. *United States*, 278 U. S. 282, wherein the Supreme Court, referring to section 3229 of the Revised Statutes, from which source section 3761, *supra*, was derived, stated:

We think that Congress intended by the statute to prescribe the exclusive method by which tax cases could be compromised, requiring therefor the concurrence of the Commissioner and the Secretary, and prescribing the formality with which, as a matter of public concern, it should be attested in the files of the Commissioner's office; and did not intend to intrust the final settlement of such matters to the informal action of subordinate officials in the Bureau. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode. * * *

It is plain that no compromise is authorized by this statute, which is not assented to by the Secretary of the Treasury. Leach v. Nichols (C. C. A.) 23 F. (2d) 275, 277. * * *

See also *L. Loewy & Son, Inc.* v. *Commissioner*, (C. A. 2) 31 F. 2d 652; *Bank of New York, Exec.* v. *United States*, (C. A. 3) 170 F. 2d 20; *Victoria R. Johnston*, 19 B. T. A. 630.

*Willingham* v. *United States*, 208 F. 137; *Rau* v. *United States*, 260 F. 131; and *Oliver* v. *United States*, 267 F. 544, relied upon by petitioner, were all decided prior to the decision of the Supreme Court in the *Botany Worsted Mills* case and, to the extent they are contrary thereto, are no longer authority. *Victoria B. Johnston, supra. Backus* v. *United States*, 59 F. 2d 242, certiorari denied 288 U. S. 610; *Reynolds* v. *Gnichtel*, 1 F. Supp. 606; and *Loeb* v. *United States*, 17 F. Supp. 966, also cited by petitioner, are distinguishable. In the *Backus*

[1] SEC. 3761. COMPROMISES.

(a) AUTHORIZATION.—The Commissioner, with the approval of the Secretary, or of the Under Secretary of the Treasury, or of an Assistant Secretary of the Treasury, may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General may compromise any such case after reference to the Department of Justice for prosecution or defense.

(b) RECORD.—Whenever a compromise is made by the Commissioner in any case there shall be placed on file in the office of the Commissioner the opinion of the General Counsel for the Department of the Treasury, or of the officer acting as such, with his reasons therefor, with a statement of—

(1) The amount of tax assessed,

(2) The amount of additional tax or penalty imposed by law in consequence of the neglect or delinquency of the person against whom the tax is assessed, and

(3) The amount actually paid in accordance with the terms of the compromise.

case there was a consent judgment entered into pursuant to a stipulation between the taxpayer and authorized officers of the United States in an action pending before the Board of Tax Appeals. In *Reynolds v. Gnichtel, supra,* an order of dismissal was entered in an action pending before the Court of Claims, pursuant to a settlement as to which the statutory requirements were met. The *Loeb* case held that the compromise of cases should be encouraged and in the absence of compelling reasons would not be set aside.

Nor does discharge of the lien filed by the Government in the Office of the Prothonotary of the Courts of Common Pleas and in the Office of the Clerk of the United States District Court, after payment of the balance of the tax disclosed by the amended returns, preclude respondent from determining additional taxes and penalties. See *Joseph T. Miller,* 23 T. C. 565 (on appeal C. A. 5), wherein we held that the effect of section 3675 of the Internal Revenue Code of 1939 [2] is to extinguish the tax lien and not the tax liability, and that reliance upon the extinguishment of a lien could not result in an estoppel against the Government.

For the reasons discussed above we hold that respondent is not estopped from assessing and collecting the deficiencies and additions to tax determined by him.

*Decision will be entered for the respondent.*

---

[2] SEC. 3675. EFFECT OF CERTIFICATES OF RELEASE OR PARTIAL DISCHARGE.
A certificate of release or of partial discharge issued under this subchapter shall be held conclusive that the lien upon the property covered by the certificate is extinguished.