RAYMOND C. BURKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burke v. Commissioner
Docket No. 1317-77.
United States Tax Court
T.C. Memo 1979-195; 1979 Tax Ct. Memo LEXIS 333; 38 T.C.M. (CCH) 815; T.C.M. (RIA) 79195; May 17, 1979, Filed Raymond C. Burke, pro se. Deborah A. Butler, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $3,082.81 in petitioner's Federal income tax *334 for the taxable year 1973 and an addition to tax of $156.80 pursuant to section 6653(a).[1] Concessions having been made by the parties, [2] the issues remaining for decision are: (1) what amounts, if any, petitioner is entitled to deduct as employee business expenses for travel away from home and (2) whether petitioner's underpayment of tax was due to negligence. *335 FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Petitioner, Raymond C. Burke, and his wife, Phyllis M. Burke, filed a joint individual income tax return for 1973 with the Internal Revenue Service Southwest Regional Service Center, Austin, Texas. Petitioner resided in Dallas, Texas, on the date the petition herein was filed.
During the taxable year 1973, petitioner was employed by Braniff Airways, Inc., as a flight engineer and also served as an officer in the United States Navy Reserve. He maintained his residence in Dallas, Texas. Petitioner's duties with the Navy Reserve included both active and reserve duty.Petitioner was in a special squadron which provided air transport for military personnel and, when on active duty, he flew transport missions in the United States and Europe. Petitioner spent 67 days in travel away from home in 1973 while on active duty. [3] Petitioner received a total of $1,044.32 as per diem allowances and other reimbursements for expenditures while traveling on active duty with the United States Navy in *336 1973. Petitioner's reserve duty primarily involved activities at the Naval Air Station in Dallas. Petitioner sometimes remained at or near the Naval Air Station in Dallas overnight rather than returning to his residence. His reserve duty also included some airplane flights to other cities in the United States, where he remained overnight. Petitioner was not reimbursed by the Navy for expenses incurred in connection with his reserve duty. During 1973, petitioner flew 128 flights as a pilot for Braniff Airways, Inc. (Braniff), 67 of which originated *337 and terminated in Dallas on the same day. Petitioner was paid per diem at the rate of 55 cents per hour from reporting time to debriefing time when, because of his duties as a pilot, he was away from his "base station," which was Dallas. Petitioner spent 64 days in travel away from home in 1973 while on duty as a Braniff pilot. [4] He also spent several days away from home during April 1973 on "observation for upgrade" with Braniff and incurred an unreimbursed $20 expense for lodging. When flying with Braniff, other than in an observational or training capacity, petitioner was furnished with, or reimbursed for, lodging and ground transportation between the airport and lodging facility. Petitioner received $652.40 in per diem allowances and other reimbursements from Braniff in 1973. During 1973, petitioner maintained a diary in which *338 he kept daily records of his travel expenses. Subsequent to 1973, petitioner made some additions to this diary. On his 1973 income tax return, petitioner reported wages, salaries, tips, and other employee compensation of $21,170.05, but he now concedes that the correct amount was $28,805.76. Petitioner deducted $1,608.88 in travel expenses, while away from home on United States Navy business, in excess of employer reimbursements and $572.55 of travel expenses, while away from home on Braniff business, in excess of employer reimbursements. [5]
OPINION Employee Business Expenses
Section 162(a)(2) allows as a deduction reasonable and necessary travel expenses incurred by the taxpayer in pursuit of business while away from home. Commissioner v. Flowers,326 U.S. 465, 470 (1946); Cockrell v. Commissioner,38 T.C. 470, 479 (1962), affd. 321 F.2d 504 (8th Cir. 1963). Petitioner seeks to deduct, *339 under section 162(a)(2), expenditures incurred by him in connection with (1) his reserve duty as a Navy Reserve officer at the Naval Air Station in Dallas, (2) his reserve duty outside Dallas, (3) his active duty in the Navy Reserve, and (4) his job as a Braniff pilot. With respect to category (1), although petitioner may have stayed at or near the Naval Air Station overnight, such absence from his residence does not constitute being "away from home" within the meaning of section 162(a)(2). For Federal tax purposes, a taxpayer's home is the vicinity of his principal place of employment. Curtis v. Commissioner,449 F.2d 225, 227 (5th Cir. 1971), affg. T.C. Memo. 1970-299; Jones v. Commissioner,444 F.2d 508, 509 (5th Cir. 1971), affg. 54 T.C. 734 (1970); Kroll v. Commissioner,49 T.C. 557, 561-562 (1968). The Naval Air Station was 22 miles from petitioner's residence in Dallas. Petitioner's reserve duties primarily involved activities at the Station and, when on active duty, he reported first to the Station. Dallas was also petitioner's "base station" as a Braniff pilot. Clearly, the Dallas area was petitioner's *340 principal place of employment, as well as his place of residence, and he was not "away from home" for purposes of section 162(a)(2) while at the Station. [6]
Since petitioner's expenditures in connection with his reserve duty at the Naval Air Station are not entitled to the special treatment afforded traveling expenses, they must be treated as nondeductible personal expenditures unless a business purpose can be shown. The record reveals no business purpose for the expenditures for lodging and meals, and we hold that those expenditures are nondeductible personal expenses. Section 262. [7] In addition, most of petitioner's transportation costs were in the nature of commuting expenses and are nondeductible. However, that portion attributable to costs of local transportation between petitioner's job with Braniff and his job at the Naval Air Station on days when he worked for both employers, which we find to be $25, [8] is deductible as an ordinary and necessary business expense. See Steinhort v. Commissioner,335 F.2d 496 (5th Cir. 1964), *341 affg. and remanding for further proceedings T.C. Memo. 1962-233; Heuer v. Commissioner,32 T.C. 947 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). [9]
With respect to deductions claimed by petitioner for travel outside Dallas (categories 2, 3, and 4, p. 6, supra), the evidence clearly shows that both of petitioner's jobs involved extensive air travel and *342 required him to spend substantial amounts of time away from home during 1973.We find that his expenditures for transporation, food, lodging, and tips while away from home were reasonable in amount and constituted ordinary and necessary business expenses. Section 1.162-2(a), Income Tax Regs.
However, section 274(d) imposes additional requirements of substantiation which must be met before a deduction for such travel expenses may be allowed under section 162(a)(2). The regulations under section 274(d) require that petitioner substantiate for each expenditure (i) the amount expended; (ii) the time of travel; (iii) the place of travel; and (iv) the business purpose.Section 1.274-5(b)(2), Income Tax Regs. The taxpayer must substantiate each of these elements either by adequate records or by his own statement in conjunction with other corroborative evidence for each separate expenditure. Dowell v. United States,522 F.2d 708 (5th Cir. 1975); section 274(d); sections 1.274-5(c)(2) and 1.274-5 (c)(3), Income Tax Regs. To satisfy the adequate records requirement with respect to an element of an expenditure, a taxpayer must maintain an account book or diary in which each *343 element is recorded at or near the time of the expenditure. Section 1.274-5(c)(2), Income Tax Regs. Documentary evidence, expenditure for lodging and any expenditure of $25 or more, except for transportation expenses for which documentary evidence is not readily available. Section 1.274-5(c)(2)(iii), Income Tax Regs.
Petitioner submitted in evidence a diary in which he claimed to have recorded his expenditures at or near the time they were made. We have carefully examined petitioner's diary and we find his testimony that most of the entries were contemporaneous with the expenditures to be credible. In particular, we are convinced that the diary contains an accurate, contemporaneous record of the date and amounts of expenditures. We accept petitioner's statements that subsequent entries of credit card charges and checks cashed were merely intended as indications of the source of funds for prior recorded expenditures and not as evidence of additional, previously unrecorded, expenses. However, petitioner has been only partially successful in supplying documentary evidence of his expenditures for lodging as required by section 1.274-5(c)(2)(iii), Income Tax Regs. Furthermore, *344 we believe that, in certain instances, the place and business purpose of petitioner's travel were recorded in later years. [10] In such instances, petitioner's diary does not satisfy the adequate records requirement with respect to those elements. Some of these gaps, but not all, have been filled by the alternate method of substantiation provided in section 1.274-5(c)(3), Income Tax Regs., through petitioner's statements, as corroborated by his Navy and Braniff flight logs, his Navy active duty orders, and his canceled checks and receipts. [11]
*345 We have considered each of petitioner's travel expenditures and we conclude that petitioner to the extent of $348 has substantiated in the manner described above each and every element of expenses incurred for travel away from home while on active duty in the Navy Reserve which exceed employer reimbursements. Petitioner has similarly substantiated $437 [12] of travel expenses, in excess of employer reimbursements, incurred in connection with his job as a Braniff pilot. [13]
*346 We hold, further, that the evidence in the record is inadequate to substantiate, either by adequate records or by sufficient evidence corroborating his own written statement, each and every element of the expenditures petitioner claims that he incurred in travel away from Dallas while on reserve duty. [14]
Finally, although the record is not encirely clear, we are satisfied that petitioner incurred uniform maintenance expenses in the amount of $85 both while in and while away from Dallas and that these expenses are properly deductible under section 162. In short, petitioner has proved and substantiated to the extent necessary, $895 [15] of employee business expenses for travel away from *347 home and other deductible costs in excess of amounts reimbursed to him and is entitled to a deduction of that amount. Addition to Tax
Respondent determined that a part of the deficiency in petitioner's income tax for 1973 was due to negligence and asserted an addition to tax under section 6653(a), which provides that, if any part of any underpayment is due to negligence or intentional disregard of rules and regulations, an amount equal to 5 percent of the underpayment shall be added to the tax. The burden is upon petitioner to prove that the determination of the addition to tax was erroneous. Pritchett v. Commissioner,63 T.C. 149, 174 (1974); Leroy Jewelry Co. v. Commissioner,36 T.C. 443 (1961). Petitioner reported $21,170.05 in income from employee compensation on his 1973 tax return but has conceded that he actually received employee compensation of $28,805.76. Petitioner presented no evidence at trial to explain his failure to report his income correctly but argues on brief that the underreporting *348 was due to his arithmetic error in adding together amounts of compensation reflected on 17 different W-2 forms. [16] However, the total amount petitioner reported as employee compensation was contained on one W-2 form and the amounts contained on 16 others were disregarded. We do not consider this a mere arithmetic error but rather an omission. While we do not believe that the omission was intentional, since petitioner attached W-2 forms disclosing all of his wage income to his return, we cannot understand, and petitioner has presented no evidence to explain, how the omission of more than one-quarter of his employee compensation from the return itself could occur in the absence of negligence. The situation herein is in sharp contrast to that which exists where all the information is disclosed on the return but the amount involved is not included in income because the taxability of the income is open to question. See, e.g., Conlorez Corp. v. Commissioner,51 T.C. 467 (1968). We conclude that petitioner has failed to meet his burden of proving that his underpayment of tax was not due to negligence.[17] See Pritchett v. Commissioner,supra at 175; *349 LeroyJewelry Co. v. Commissioner,supra at 445-446; Farwell v. Commissioner,35 T.C. 454, 473 (1960). We note, further, that there is no statutory basis for petitioner's contention that the inconvenience of attending audits and conferences, *350 and appearing in court, should be considered a substitute for the negligence penalty.Moreover, petitioner's allegation that an attorney for respondent stated, in a pretrial conference, that, in his opinion, a negligence penalty was unnecessary in this case is not supported by any evidence in the record and would not, in any case, constitute an agreement binding upon the respondent. Botany Worsted Mills v. United States,278 U.S. 282 (1929); Parks v. Commissioner,33 T.C. 298, 302 (1959); Baker v. Commissioner,24 T.C. 1021, 1024 (1955). Having concluded that part of the underpayment was attributable to petitioner's negligence, we find it unnecessary to consider respondent's alternate argument that petitioner was negligent in failing to keep records adequate to substantiate all of his claimed travel deductions. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the taxable year in issue. ↩
2. There is some ambiguity in the record as to whether respondent's disallowance of a deduction for the costs of transportation of equipment was conceded by petitioner. At trial, petitioner stated "Stipulation No. 18, I concede, which is the transportation of equipment." Although Stipulation No. 18 does not deal with the transportation of equipment, we construe petitioner's statement as a concession of this issue, taking into consideration that petitioner presented no evidence in this regard and has not raised the issue on brief. It appears that petitioner may have been referring to paragraph 19(d) of the stipulation of facts, which stated that transportation of equipment as an employee business expense was in issue.↩
3. Although the parties stipulated that petitioner was away from home overnight 53 days while traveling on active duty with his employer, the United States Navy, other parts of the stipulation, and the underlying exhibits, show that the number 53 reflects only the nights petitioner slept away from home and does not include his total time spent in travel away from home, from departure to return. Moreover, the unreliability of the stipulation as to the number of days petitioner spent "away from home overnight" is apparent because the parties have also stipulated that the number of days "away from home" is an issue before the Court.↩
4. The parties have stipulated that "petitioner was away from home overnight 34 days while traveling with his employer, Braniff Airways, Inc.," but the exhibits underlying the stipulation show that "34" reflects only the number of nights away from home and not petitioner's total "away from home" travel time. See footnote 3, supra.↩
5. Petitioner now claims, on brief, that his travel expenses in excess of employer reimbursements were $1,569.40 in connection with his business as a Navy Reserve officer and $1,025.34 in connection with his business as a Braniff pilot.↩
6. Borsody v. Commissioner,T.C. Memo. 1976-47; Kammerer v. Commissioner,T.C. Memo. 1976-11; Moffit v. Commissioner,T.C. Memo. 1972-187↩.
7. See also Qureshi v. Commissioner,T.C. Memo. 1978-223; Picknally v. Commissioner,T.C. Memo. 1977-321↩. 8. The substantiation requirements of section 274 do not apply to these expenses, which are not for travel "away from home," see section 1.274-5(a), Income Tax Regs., and we have, under the doctrine of Cohan v. Commissioner,39 F.2d 540↩ (2d Cir. 1930), made a close approximation of the amount of the expense. 9. These two cases must prevail over any indication of the Court at trial that petitioner could deduct transportation costs in excess of the amount represented by travel between the two jobs. See also Zimmerman v. Commissioner,71 T.C. 367, 369↩ n. 2 (1978), on appeal (2d Cir. Mar. 15, 1979).
10. We have reached this conclusion because of the similarity of appearance of some of the entries of these elements with entries reflecting credit card charges and checks which petitioner admits were made after the taxable year in issue. ↩
11. Dowell v. United States,522 F.2d 708↩ (5th Cir. 1975), on which respondent relies, is distinguishable because the taxpayer therein, who did not maintain a diary, attempted to compensate for the inadequacy of his records by corroborating his own statements with the vague testimony of witnesses rather than with specific, detailed evidence such as that contained in petitioner's flight logs and orders.
12. This amount includes the $20 lodging expense while on "observation for upgrade" to which the parties have stipulated. ↩
13. Petitioner argues that only $362.55 of the $652.40 which he received from Braniff in reimbursement of his expenses should be considered in reaching a determination as to the amount of his deductible expenses in excess of reimbursements, because some of the reimbursements were attributable to nondeductible expenses. Respondent's position is that the full amount of reimbursements should be taken into account.Since this question is interwoven with the question as to the amount of expenditures which have been substantiated in accordance with the stringent standards of section 274, and given the fact that petitioner has the burden of proof ( Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure) and petitioner's failure to provide evidence as to how he arrived at the figure $362.55, we hold that petitioner has failed to meet his burden in this regard and decline to attempt an estimate along the lines petitioner suggests. We note also that petitioner's position is weakened by his failure to show that he included in income the amount which he claims represents reimbursements for nondeductible expenditures. See section 1.274-5(e)(2)(ii), Income Tax Regs.↩
14. Specifically, substantiation as to the elements of place of travel and business purpose is inadequate because (1) a number of the diary entries of these elements appear not to have been made concurrently with the expenditure; (2) petitioner does not have flight logs or written orders to substantiate the place and purpose of his reserve duty travel as he has for his active duty and Braniff travel; and (3) the evidence is otherwise insufficient to corroborate petitioner's own statement.↩
15. $25 for local transportation; $348 for Navy Reserve expenses; $437 for Braniff expenses; $85 for uniform maintenance expenses.↩
16. Petitioner's return, as submitted in evidence, has attached to it only 13 W-2 forms, which do not reflect petitioner's total 1973 employee compensation. However, because the notice of deficiency states that the correct amount of employee compensation was determined from the W-2 forms attached to the return, we accept as true, for purposes of our decision herein, petitioner's allegation that 17 W-2 forms, reflecting all of his 1973 employee compensation, were attached to his original return. ↩
17. The addition to tax under section 6653(a) is imposed for the underpayment of tax, not for failure to disclose income; therefore, the addition is not avoided by petitioner's attachment to his return of his W-2 forms reflecting income not otherwise disclosed on his return and we need not consider whether attachment of W-2 forms would constitute reporting of income not otherwise revealed on a return.↩